DUNCAN W. PECK, IDA V. PECK, EUNICE M. PECK and RHOBIE L. SARGENT, Claimants, *v.* THE STATE OF NEW YORK, Defendant.

### Claim No. 16825.

Court of Claims, April, 1922.

**Practice — Court of Claims — failure to file notice of intention — no proof that damages accrued within six months of filing claim — dismissal.**

The state agreed to deliver to claimants in perpetuity at the statutory price of one cent per bushel or thirty-five and seven-tenths cents per ton, brine for the production of coarse salt. Deliveries under the contract were discontinued in 1908 and though claimant procured brine from another source at the same price until 1917, they were obliged to pay an increased price for brine used by them during the years 1917–1920, both inclusive. Upon the hearing of a claim filed December 10, 1920, for damages because of the increased price paid by claimants, *held,* that no notice of intention having been filed the court had not jurisdiction to make an award as to such part of the claim as accrued prior to June 10, 1920, and that in the absence of proof that part of the damages accrued within the six months next preceding the filing of the claim, a motion to dismiss will be granted.

CLAIM for breach of contract.

*Smith, Hayden & Setright* (*Ray B. Smith*, of counsel), for claimants.

*Charles D. Newton*, attorney-general (*John H. Clogston*, deputy attorney-general, of counsel), for the state of New York.

CORWIN, J. This claim is for breach of an alleged contract whereby the state, as claimants assert, agreed to deliver to claimants in perpetuity brine for the production of coarse salt at the statutory price of one cent per bushel or thirty-five and seven-tenths cents per ton. The state discontinued the delivery of such brine in 1908, and the claimants procured the brine from another source at the same price until the year 1917. During the years 1917 and 1920, inclusive, the claimants were obliged to pay and did pay for the brine used by them an increased price above the statutory price above mentioned, and now seek to recover the amount of such increase as damages.

Assuming that there was a valid contract as alleged, it was breached by the state when it ceased to deliver the brine in 1908;

but no cause of action then accrued in favor of the claimants, because they were able to obtain and did obtain brine at the alleged stipulated price and, therefore, suffered no damage. However, when, in 1917 and subsequently, claimants were obliged to obtain brine at an increased price, each time they so obtained such brine a cause of action accrued for the amount of such increase.

This claim was filed December 10, 1920; and, no prior notice of intention having been filed, this court is without jurisdiction to make an award upon so much of said claim as accrued prior to June 10, 1920.

The claimants proved damages during the year 1920 amounting to $257.20. It may be that some of this accrued within the six months prior to the filing of the claim but there is nothing in the proof to indicate this.

The state's motion to dismiss is granted, with an exception to the claimants.

ACKERSON, P. J., concurs.

Judgment accordingly.